THE STATE, WM. E. DODGE ET AL., EXECUTORS, PROSE-CUTORS, v. JAMES H. LOVE, CITY COLLECTOR.

On error to the Supreme Court. For opinion of the Supreme Court, see 18 *Vroom* 436.

For the plaintiff in error, *Wm. C. Spencer.*

For the defendant in error, *John A. Blair.*

THE CHANCELLOR. I am of opinion that this judgment should be affirmed for the reasons given by the Supreme Court in their opinion in the case.

REED, J. (dissenting). I am unable to join with the majority of the court in affirming the judgment below. The judgment involves, and the reason given in the court below in support of the judgment expressly declares, a legal proposition which I am constrained to regard as a dangerous departure from a correct rule of statutory construction.

This proposition seems to be this, namely : that whenever the legislature has conferred upon a special statutory tribunal the power to place or increase an impost upon property, upon a condition that previous notice shall be given to the owner of the intended action, nevertheless such tribunal, in spite of

the express statutory requirement, may proceed without notice if the service of the statutory notice happens to be inconvenient.

The point arises in respect to the action of the board of finance of Jersey City, sitting as commissioners of appeal, in raising the valuation of property belonging to the estate of William E. Dodge, deceased. By the policy of our tax laws the valuation of property, in the first instance, is made by the assessors, subject to correction by the township committee, or the body which represents, in cities, the township committee. The duplicate is then delivered to the collector. The valuation is then a finality, unless one of two things afterward occurs : the tax-payer may apply to the board for a reduction of the valuation, or upon complaint, by the collector or some other person, the commissioners may increase the valuation. The latter action can only be taken, according to the terms of the statute, after giving notice to the tax-payer.

In the present case, the executors of William E. Dodge were, by the terms of the will of Mr. Dodge, the representatives to whom notice should have been given.

It appears that they reside in the city of New York, and, although an attempt was made to give notice, none was in fact given.

The Supreme Court was of the opinion that the statutory requirement did not apply to non-resident tax-payers. This conclusion was placed upon the ground that otherwise a duty would be imposed upon the collector which he could not perform, and in most cases the attempt to increase the assessment of non-residents would prove abortive.

But I think that no one would contend that a notice given out of the limits of the state would not be entirely effective in laying a foundation for the action of the commissioners. Therefore it cannot be said that there existed an inability to give notice to a non-resident of the state. Nor in many instances does there exist any greater inconvenience in giving notice to the one than the other.

What obstacle prevents the service of a notice by the col-

lector of Jersey City personally upon or at the dwelling of a resident of the city of New York which does not appertain to a service upon a resident of the county of Cape May ?

So I do not perceive that it can be concluded that the legislature meant residents only because service upon non-residents was either impossible or universally more difficult than service upon residents.

But I am of the opinion that neither inconvenience nor impossibility of service is an answer to the requirements of the statute. It was probably within the power of the legislature to have provided that the commissioners could, at stated meetings, increase valuations without notic·. The tax-payer would then have been warned of the power of the board to so deal with the assessment against him, and, if he desired to be heard, in case there was any action taken in that direction, he would have been compelled to watch the proceedings of the board throughout all its sessions. This, however, would put upon every tax-payer such an unreasonable burthen that it is hardly conceivable that such a scheme would find countenance in any legislative body. The plan here actually provided was therefore a reasonable one.

The valuation placed in the duplicate was to be final, unless the tax-payer himself applied for a reduction, or he was notified of an effort to raise the valuation.

The legislature might have provided an easier method of giving notice, and then the tax-payer would have been put upon his guard to watch for, and answer such monition.

The legislature has, however, in express terms, required, not that a man shall not be taxed without notice, but that when once assessed that assessment shall not be altered against him without a certain kind of notice.

There is nothing here to construe. A court, says Mr. Maxwell, is not at liberty to speculate on the intentions of the legislature when the words are clear, or to construe an act according to its own notions of what should have been enacted. *Maxwell on the Int. of Statutes, p. 6.*

In no state has this rule of statutory construction been

more frequently enforced than in this. *C. & A. R. R. Co.* v. *Commissioners, &c.,* 3 *Harr.* 71 ; *Rudderow* v. *State,* 2 *Vroom* 515 ; *State* v. *Warford,* 3 *Vroom* 207 ; *State* v. *McChesney,* 6 *Vroom* 550 ; *Douglass* v. *Freeholders,* 9 *Vroom* 214 ; *Water Commissioners* v. *Brewster,* 13 *Vroom* 125. All acts which impose taxes are especially subjected to a strict construction. *Dames* v. *Heath,* 3 *C. B.* 941.

And in regard to the requirement of notice as a condition precedent to an alteration of valuations, the remarks of Judge Cooley are forcible and just. "The courts," says he, "have been particularly careful to see that revising tax tribunals did not change assessments to the prejudice of tax-payers, who, under the circumstances, had no reason to look for or antici- pate any such change. If the tax-payer does not appeal, he has the right to suppose that the assessment against him will be allowed to stand as made." *Cooley on Taxation, p.* 268.

Aside from the injustice of such a course of action, I have found no case in which it has been intimated that when either in tax or other proceedings a statute requires notice as a pre- cedent condition to a step in such proceeding, such step can be taken without notice because the notification is difficult or impossible.

I think that because of the absence of notice to the tax- payer, the board of finance had no power to raise the valua- tion of his property, and that the judgment below should be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, PARKER, BROWN, CLEMENT, COLE, WHITAKER. 8.

*For reversal*—MAGIE, REED, MCGREGOR.   3.